**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                              )
**UNITED STATES OF AMERICA,**   )
                              )
        **v.**                )  **Criminal Action No. 90-87 (RWR)**
                              )
**CECELIA BLACKWELL,**          )
                              )
        **Defendant.**          )
_____)

## MEMORANDUM ORDER

Defendant Cecelia Blackwell moves to expunge the record of her criminal conviction from 1993.  The government opposes Blackwell's motion.  Because Blackwell presents no extreme circumstances that would warrant expunging her record, her motion will be denied.

Blackwell was convicted of distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).  Blackwell was sentenced to fifteen months of incarceration and three years of supervised release.  Blackwell now moves to expunge her criminal record, alleging that her record has made it difficult for her advance her career and "obtain[] a new salary."  See Def.'s Mot. to Expunge Crim. Record at 1.

The government opposes Blackwell's motion, arguing that Blackwell has not demonstrated that "extraordinary circumstances" exist to justify her request to expunge her

criminal record.  Govt.'s Opp'n to Def.'s Mots. to Expunge Her Crim. Record at 2.

"The judicial remedy of expungement is inherent and is not dependent on express statutory provision, and it exists to vindicate substantial rights provided by statute as well as by organic law[.]"  Menard v. Saxbe, 498 F.2d 1017, 1023 (D.C. Cir. 1974); see also Chastain v. Kelley, 510 F.2d 1232, 1235 (D.C. Cir. 1975) ("The federal courts are empowered to order the expungement of Government records where necessary to vindicate rights secured by the Constitution or by statute.").  "Before expunging a criminal record, the Court must find that, after examining the particular facts and circumstances of the case, the 'remedy is necessary and appropriate in order to preserve basic legal rights.'"  United States v. Davis, Criminal Action No. 342-72 (TFH), 2006 WL 1409761, at *2 (D.D.C. May 23, 2006) (quoting Livingston v. U.S. Dep't of Justice, 759 F.2d 74, 78 (D.C. Cir. 1985)). "[R]elief usually is granted only in extreme circumstances, the finding of which requires a balancing of the equities between the right of privacy of the individual and the right of law enforcement officers to perform their necessary duties."  Id. (alteration in original) (internal quotation marks omitted).

Absent a statutory basis authorizing expungement, courts have granted motions to expunge only in extreme circumstances, such as in cases involving flagrant constitutional violations. See, e.g., Doe v. Webster, 606 F.2d 1226, 1230 (D.C. Cir. 1979) ("[A]lthough there are indeed many instances in which courts have ordered expungement of arrest records in the exercise of their inherent equitable powers, all of these cases involved either a lack of probable cause coupled with special circumstances, flagrant violations of the Constitution, or other unusual and extraordinary circumstances." (footnotes omitted)). Under this showing, difficulties obtaining additional or advance employment is not regarded as an extreme circumstance. See, e.g., United States v. Baccous, Criminal Action No. 99-0596 (DAR), 2013 WL 1707961, at *2 (D.D.C. Apr. 22, 2013) (finding "that no such 'extreme circumstances' are present. Defendant's concerns regarding his employment and residential opportunities are unquestionably valid; however, under existing law, they do not afford the court discretion to expunge his record."); In re Reid, 569 F. Supp. 2d 220, 222 (D.D.C. 2008) ("[W]hile this Circuit has long recognized the fact that a criminal record causes social disabilities, the harm of being unable to obtain employment is insufficient on its own[.]" (citation omitted)).

Blackwell seeks to expunge her criminal record to expand her employment and salary opportunities.  However, this does not present an extreme or unusual circumstance justifying expungement under the case law in this Circuit.  See, e.g., Baccous, 2013 WL 1707961, at *2; In re Reid, 569 F. Supp. 2d at 222.  Blackwell has not demonstrated that the remedy she seeks is "necessary and appropriate in order to preserve basic legal rights."  Livingston, 759 F.2d at 78 (internal quotation marks omitted).  Specifically, Blackwell does not challenge the legality of her conviction on constitutional or statutory grounds, or present any other cognizable legal injury that the D.C. Circuit would recognize as justifying granting her motion to expunge her criminal record.  See, e.g., Webster, 606 F.2d at 1231 ("[A]bsent specific statutory authority it would be wholly inappropriate to order such an expungement in a case such as this where there has been not only a valid arrest but a valid conviction."); Davis, 2006 WL 1409761, at *2 ("The Court, while not unsympathetic to Defendant's dilemma as represented by him, can find no basis for expunging his criminal record.  The Defendant has cited no statutory authority for expunging his conviction, and the Court is aware of none.").

While Blackwell's efforts to care for her family are laudable and the fact that Blackwell's conviction from over 20

years ago may pose a barrier to obtaining employment is unfortunate, there is no legal basis to grant Blackwell the relief she seeks in her motion.  Accordingly, it is hereby

ORDERED that defendant Cecelia Blackwell's motion [29] to expunge her criminal record be, and hereby is, DENIED.

SIGNED this 30 day of May, 2014.


_____/s/_____
RICHARD W. ROBERTS
Chief Judge